| | |
|---|---|
| GREGORY W. STEWART, | Case No.: 1:12-cv-00594-JLT |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS |
| v. | |
| WARDEN J. MACOMBER, | |
| Respondent. | ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on January 29, 2012.[1] A preliminary review of the petition, however, reveals that the petition may be untimely and should therefore be dismissed.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.

1

**DISCUSSION**

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in <u>Herbst</u>.

B.   <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on  January 29,  2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

---

<u>Saffold v. Neland</u>, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on January 29, 2012.  (Doc. 1, p. 6).

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on September 15, 1994.  (Doc. 1, p. 1).

On May 20, 1996, Petitioner filed a petition for review from his conviction that was denied by the California Supreme Court on June 26, 1996.[2]   Thus, direct review would have concluded on August 19, 1996, when the ninety-day period for seeking review in the United States Supreme Court

---

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.  The Court has determined the filing date of the petition for review by accessing California's electronic data base.

1 expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th

2 Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year

3 from the following day, August 20, 1996, or until August 19, 1997, absent applicable tolling, within

4 which to file his federal petition for writ of habeas corpus.

5     As mentioned, the instant petition was filed on January 29, 2012, almost fifteen years after the

6 date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or

7 equitable tolling, the instant petition is untimely and should be dismissed.

8     C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

9     Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

10 application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. §

11 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules

12 governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531

13 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California

14 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay

15 in the intervals between a lower court decision and the filing of a petition in a higher court.

16 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

17 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

18 omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

19 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

20 (9th Cir. 1999).

21     Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

22 For example, no statutory tolling is allowed for the period of time between finality of an appeal and

23 the filing of an application for post-conviction or other collateral review in state court, because no

24 state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v.

25 Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the

26 period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the

27 limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v.

28

4

1  Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059,
2  1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to
3  statutory tolling where the limitation period has already run prior to filing a state habeas petition.
4  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the
5  reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.
6  White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling
7  when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165,
8  1166 (9th Cir. 2006).

9  Here, Petitioner does not allege that he filed any state habeas proceedings that would entitle
10 him to statutory tolling under the AEDPA.  Rather, he alleges filing a prior federal petition.  Although
11 the Court has been unable to determine whether Petitioner did indeed file a prior federal petition in
12 this Court, that fact does not entitle Petitioner to statutory tolling since the pendency of a federal
13 petition does not toll the one-year limitation period.  Duncan, 563 U.S. at 181-182.  Thus, unless
14 Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.

15 D.  Equitable Tolling.

16 The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable
17 tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon
18 v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to
19 equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to
20 file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal
21 quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of
22 diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations
23 may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant
24 seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing
25 his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130
26 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold
27 necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."
28

Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court makes a preliminary determination that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **April 18, 2012**                    /s/ Jennifer L. Thurston
                                                           UNITED STATES MAGISTRATE JUDGE