UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART, | Case No.: 1:12-cv-00594-JLT |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | |
| WARDEN J. MACOMBER, | (Doc. 11) |
| Respondent. | |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on April 16, 2012. (Doc. 1). On April 25, 2012, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 5). On April 18, 2012, the Magistrate Judge issued an Order to Show Cause why the petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). (Doc. 4). In Petitioner's response to the Order to Show Cause, Petitioner indicated he had previously filed one or more federal petitions challenging the same conviction as the one upon which the instant petition was premised. After reviewing the files of this Court, the Court ascertained that, indeed, Petitioner had filed multiple

1

petitions over the last twelve years challenging the same conviction. Accordingly, on May 4, 2012, the Court dismissed the petition as a second and successive petition. (Doc. 9). Judgment was entered the same date. (Doc. 10). On May 14, 2012, Petitioner filed the instant motion for reconsideration. (Doc. 11).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration. In his motion for reconsideration, Petitioner raises a number of allegations. First, Petitioner contends that he has in fact sought permission, in 2009, from the Ninth Circuit to file a successive petition. However, none of the voluminous documents appended to his motion for reconsideration even remotely suggests that the Ninth Circuit actually granted permission for a second

1 or successive petition.  Indeed, Petitioner does not allege that permission was granted, only that
2 permission was sought.

3       Second, Petitioner contends that in one of the Ninth Circuit orders, a discrepancy in the case
4 numbers cited by the Ninth Circuit exists.  Although this Court is hard-pressed to see the purported
5 discrepancy, if one does exist, Petitioner's remedy lies with the Ninth Circuit, not this Court.  This
6 Court has no authority to review decisions by the Ninth Circuit for accuracy.

7       Third, Petitioner contends that his claim rests on "a new, retroactive" constitutional right, that
8 the factual basis of his claim was not previously discoverable through due diligence, and that these
9 new facts establish by clear and convincing evidence that constitutional error occurred.  (Doc. 11, p.
10 4).  However, Petitioner fails to explain or support any of these allegations.  He does not indicate what
11 "new, retroactive" right is involved, he does not explain either the factual basis that was recently
12 discovered for his claim or the circumstances that would show that the factual basis could not have
13 been discovered earlier with the exercise of reasonable diligence, and, finally, he does not point to any
14 facts that establish, by clear and convincing evidence, that a constitutional right has been violated.  In
15 short, Petitioner has failed to make any specific allegations that would satisfy Rule 60, let alone
16 establish them through the submission of competent and credible evidence.

17       Applying the requirements of Rule 60, Petitioner has not shown "mistake, inadvertence,
18 surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered
19 evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally,
20 Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to
21 the Court's Local Rules, Petitioner has not "new or different facts or circumstances claimed to exist
22 *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the
23 motion."   Local Rule 230(j). (Emphasis supplied).   Rather, Petitioner has merely mouthed the
24 requirements of Rule 60 and Local Rule 230(j) in the apparent hope that, in so doing, he can convince
25 the Court to allow him to proceed.  What Petitioner repeatedly fails to appreciate is that his argument,
26 at this juncture, is with the Ninth Circuit, not this Court.  This Court has ***no authority*** to consider any

27       3
28

federal petition related to his conviction *unless* the Ninth Circuit *first* gives Petitioner permission to proceed.  Without such permission from the Ninth Circuit, this Court must dismiss the petition as a successive petition.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 11), is DENIED.

IT IS SO ORDERED.

Dated:   **May 24, 2012**                           **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE